Harris, J.
The plaintiff appeals from a judgment entered against the plaintiff denying the relief sought by her in an action in which she prays for the annulment of her marriage with the defendant. The action was commenced by the service of a summons and complaint on the defendant on the 8th day of June, 1946; defendant failed to appear or answer within the proper period and the issue was referred to one of the oEcial referees of the Supreme Court by the Special Term to hear, try and determine the same.
The grounds on which the plaintiff sought annulment of the marriage were alleged false and fraudulent misrepresentations made by the defendant to her, and by which she was induced to enter into the marriage relationship with the defendant. Both parties to the action knew each other from their early youth, and for the years of such youth they were resident in their respective family homes on Long Island. The defendant went into the service of the Marine Corps of the United States at the beginning of 1942, and at that time plaintiff and defendant became engaged to be married. For some time they saw each other on his furloughs which were at infrequent intervals. They planned to be married, but had set no date, when in the summer of 1944 she received from him a letter asking her to break the engagement because he had met some other girl in California (known as Penny) and was in love with this other girl. She wrote and replied favorably to his request for the breaking of the engagement. Immediately thereafter she went into the military service. In December, 1944, he sent her a telegram saying that he had broken off his other affair and asking her to forgive him, and he fpllowed this telegram with a number of letters saying that he wanted the plaintiff to marry him. She was convinced of his good faith and they planned to and did take furloughs at the same time, and during such furloughs *690 they spent a whole day discussing Penny and his relations with her. At that time, the defendant assured the plaintiff that he did not care for Penny at all; that he had forgotten her and that his love and affection all belonged to the plaintiff. Belying on these statements of the defendant, and which state- ' ments she deemed material to the marriage contract (Shonfeld v. Shonfeld, 260 N. Y. 477, 479, 481) she married him in this State on the 11th day of January, 1945. They spent two days and nights together. The following day, they visited the defendant’s mother and found there a telegram from a girl friend of Penny, addressed to the defendant, saying that Penny was very ill and asking the defendant to come to California, and he left for California and Penny the next morning, although he still had left at least four days of his furlough. Subsequently she received from Penny and from the defendant communications asking her (the plaintiff) to seek an annulment of her marriage to the defendant. When the plaintiff returned from her furlough, she found at her military station a letter from the defendant in which he stated that he had had an argument with Penny, that is why he had asked the plaintiff the second time to marry him, but he did not plan to go through with the : marriage. The marriage had taken place, however, without the plaintiff’s knowing the existence of this letter. Later, by cor- ! respondence, the defendant informed the plaintiff that, although 'he had told her the day before he was married to her that he would forego all thoughts of Penny and was in love with the plaintiff, he did this because his parents had insisted on his so doing. There has been no issue of the marriage. The plaintiff i is still in the military service and, so far as the proof indicates, ! the defendant is enjoying the company of Penny somewhere on ¡the California coast.
On this proof, the Official Beferee has refused to grant judgment for the plaintiff, and he characterizes the testimony as ; being “ flimsy and unbelievable ” and he says that he cannot find that the plaintiff was deceived by the promises of the ' defendant. A careful examination of the present record shows 1 nothing on which can be based a finding adverse to the credibility of the plaintiff. The story told by the plaintiff as to> her dealings with the defendant, which dealings led to her marriage, is not an incredible story. The grounds on which she seeks annulment, if truthfully stated by her, are such as would cause the conscience of the court to grant her the relief she seeks because the inducements held out to her by the defendant on the day , before the marriage zere such that if they were untrue to the *691 knowledge of the plaintiff, prior to the marriage, would cause her as a prudent decent woman to refuse to enter into the relationship of marriage with the defendant. The courts are familiar with the seriousness of the grounds on which annulments of marriage for fraud should be granted. (See di Lorenzo v. di Lorenzo, 174 N. Y. 467; Shonfeld v. Shonfeld, 260 N. Y. 477, supra.) Briefly stated, the fraud must be such that the ordinary prudent person would not have married knowing the real facts concerning which she or he has been deceived, and must be so material and important, in the light of the sanctity of the marriage relation, that the misrepresentations go to the very essence of and destroy the agreement to marry. The plaintiff has presented such a case to the Official Referee. Her testimony as to the misrepresentations would warrant a court in granting an annulment. The Official Referee has made a finding that there was an agreement or understanding between the plaintiff and the defendant that the marriage should be annulled. (Domestic Relations Law, § 51.) The proof does not substantiate such a finding.
The judgment of the Official Referee should be reversed and interlocutory judgment of annulment granted in favor of the plaintiff. Certain findings of fact should be disapproved and reversed and appropriate new findings made.
All concur, except Taylor, P. J., and McCurn, J., who. dissent and vote for affirmance. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.
Judgment reversed on the law and facts, with costs, and interlocutory judgment of annulment directed in favor of the plaintiff, with costs. Certain findings of fact disapproved and reversed and new findings made.